**CEM**

**07 C 6773**

**FILED**

**NOVEMBER 30, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Katrina Douglas
2949 Sussex Ave.
Markham, IL 60428

      Plaintiff,

v.

Certegy Payment Recovery Services, Inc.
c/o CT Corporation System,
Registered Agent
1200 South Pine Island Road
Plantation, FL 33324

      Defendant.

CASE NO.:

JUDGE:

**JUDGE BUCKLO**
**MAGISTRATE JUDGE VALDEZ**

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT
AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

---

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collections

    Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because

    this is the judicial district where all of the events giving rise to the cause of action

    took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family

    or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

9. On or around August 6, 2007, during a telephone communication regarding the debt, Defendant told Plaintiff that Defendant and, the State of Illinois, would start criminal proceedings against Plaintiff unless Plaintiff satisfied the debt.

10. During the same communication, Defendant advised Plaintiff to borrow money from a third party in order to avoid prosecution.

11. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

12. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

13. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

15. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its

conversations with Plaintiff.

## JURY DEMAND

20. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

21. Plaintiff prays for the following relief:

    a.   Judgment against Defendant for actual damages, statutory damages

        pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees

        pursuant to 15 U.S.C. §1692k.

    b.   For such other legal and/or equitable relief as the Court deems appropriate.


RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:___ /s/ Jeffrey S. Hyslip_____
      Jeffrey S. Hyslip
      Attorney for Plaintiff
      20 W. Kinzie Street, Suite 1300
      Chicago, IL 60610
      Telephone:  866-339-1156
      Email:  jsh@legalhelpers.com