IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KATRINA DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 6773 |
| v. | ) | |
| | ) | Judge Bucklo |
| CERTEGY PAYMENT RECOVERY | ) | Magistrate Judge Valdez |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT**

NOW COMES Defendant Certegy Payment Recovery Services, Inc. ("Defendant"), by and through its undersigned counsel, and for its Answer and Affirmative Defenses to Plaintiff's Complaint, states as follows:

**JURISDICTION AND VENUE**

1.  Jurisdiction is founded on 28 U.S.C. § 1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**ANSWER:** Admitted.

**FACTS COMMON TO ALL COUNTS**

2.  The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2.

3.  Defendant is a corporation doing business primarily as a consumer debt collector.

**ANSWER:** Admitted.

4.  Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. § 16925a(6).

**ANSWER:** Admitted.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6. The debt in question qualified as a "debt" as defined by 15 U.S.C. § 1692a(5).

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

**ANSWER:** Defendant admits being retained by the current holder to attempt to collect plaintiff's debt and denies all remaining allegations contained in paragraph 7.

8. All of Defendant's actions occurred within one year of the date of this Complaint.

**ANSWER:** Defendant admits that all of its collection efforts regarding Plaintiff's debt took place within one year of the date of this Complaint and denies all remaining allegations in Paragraph 8.

9. On or around August 6, 2007, during a telephone communication regarding the debt, Defendant told Plaintiff that Defendant and, the State of Illinois, would start criminal proceedings against Plaintiff unless Plaintiff satisfied the debt.

**ANSWER:** Denied.

10. During the same communication, Defendant advised Plaintiff to borrow money from a third party in order to avoid prosecution.

**ANSWER:** Denied.

11. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

**ANSWER:** Denied.

12. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

**ANSWER:** Denied.

13. Defendant violated the FDCPA.

**ANSWER:** Denied.

### COUNT ONE

**Violation of the Fair Debt Collections Practices Act**

14. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:** Defendant incorporates its responses to each of the preceding allegations as if specifically stated herein.

15. The Defendant violated 15 U.S.C. § 1692f in that its actions were unfair and/or unconscionable means to collect a debt.

**ANSWER:** Denied.

### COUNT TWO

**Violation of the Fair Debt Collection Practices Act**

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:** Defendant incorporates its responses to each of the preceding allegations as if specifically stated herein.

17. The Defendant violated 15 U.S.C. § 1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

**ANSWER:** Denied.

### COUNT THREE

**Violation of the Fair Debt Collections Practices Act**

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:** Defendant incorporates its responses to each of the preceding allegations as if specifically stated herein.

19. The Defendant violated 15 U.S.C. § 1692e by making misrepresentations during its conversations with Plaintiff.

**ANSWER:** Denied.

### AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff has failed to mitigate her damages, if any.

3. Plaintiff's damages, if any, were caused by third parties over whom Defendant had no control.

4. Any violation of the FDCPA was not intentional and resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

WHEREFORE, Defendant Certegy Payment Recovery Services, Inc., respectfully requests that judgment be entered in its favor and against Plaintiff, that Defendant be awarded its costs and fees incurred herein, and that the Court enter such further relief as is just, necessary and proper.

Dated: February 4, 2008

Respectfully Submitted,

CERTEGY PAYMENT RECOVERY SERVICES, INC.

By: \_\_\_\_/s/ Amy R. Jonker_____
One of its Attorneys

David L. Hartsell
Amy R. Jonker
McGUIREWOODS LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601-1815
(312) 849-8100 Phone
(312) 849-3690 Fax
dhartsell@mcguirewoods.com
ajonker@mcguirewoods.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2008, I electronically filed the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

>Jeffrey S. Hyslip
>Attorney for Plaintiff
>20 W. Kinzie Street
>Suite 1300
>Chicago, IL 60610
>(866) 339-1156
>jsh@legalhelpers.com

/s/ Amy R. Jonker

\5028500.1