**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATRINA DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 6773 |
| v. | ) | |
| | ) | Judge Bucklo |
| CERTEGY PAYMENT RECOVERY | ) | Magistrate Judge Valdez |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**
**AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEYS**

NOW COMES Defendant Certegy Payment Recovery Services, Inc. ("Defendant" or "CPRS"), by and through its undersigned counsel, in support of its Motion for Sanctions Against Plaintiff and Plaintiff's Attorneys, states as follows:

**I.      Introduction**

Plaintiff Katrina Douglas ("Plaintiff") and the law firm of Legal Helpers, P.C., through its attorneys Richard J. Meier and Jeffrey S. Hyslip, who represented Plaintiff in this matter and are experienced Fair Debt Collection Practices Act ("FDCPA") litigators ("Plaintiff's Attorneys"), filed a frivolous FDCPA lawsuit based on Plaintiff's criminal theft of cash from an ATM in an attempt to avoid paying the debt and to extort attorney's fees from CPRS.  In doing so, Plaintiff violated 15 U.S.C. § 1692k(a)(3) by filing and maintaining this lawsuit in bad faith and for the purpose of harassment.  Plaintiff's Attorneys 28 U.S.C. § 1927 by unreasonably and vexatiously filing the lawsuit for an improper purpose and failing to conduct a reasonable inquiry into the facts before filing the lawsuit.  Each of these violations resulted in CPRS unnecessarily incurring attorneys' fees and costs in defending itself, thus, CPRS should be awarded its attorneys' fees and costs.

## II.     Statement of Facts

Plaintiff frequented the Majestic Star Casino in Hammond, Indiana and, on May 6, 2007, passed two bad checks there to obtain gambling money, which were later assigned to Defendant CPRS for collection.  *See* Plaintiff's deposition transcript 28:8 – 29:12 attached as Exhibit 1, and Exhibit B thereto; Affidavit of Rhena Meguiar, attached as Exhibit 2, ¶4.  Defendant CPRS sent Plaintiff collection letters regarding these checks and attempted to reach her by phone but never spoke with her about the bad checks.  Ex. 2, ¶4.

Between May 26, 2007, and May 29, 2007, Plaintiff returned to the casino and stole $13,874.00 from an ATM ("stolen funds") owned and operated by Certegy Gaming Services, Co. ("Certegy Gaming"), an affiliate of Defendant CPRS.  Ex. 1, 67:7-23, 78:19 – 79:4, 82:4-12 and 87:22 – 88:8; Ex. 2, ¶5; letter from Lake County Prosecuting Attorney attached as Exhibit 3; and newspaper articles attached as Exhibit 4.  When Certegy Gaming discovered Plaintiff's theft, it attempted to debit her account for the stolen funds but was unable to because the account was not authorized for such a transaction.  Ex. 2, ¶5.  Certegy Gaming assigned the ATM Theft claim to Defendant CPRS to contact Plaintiff about repaying the stolen funds.  Ex. 2, ¶5.

On July 5, 2007, and again on July 18, 2007, CPRS sent Plaintiff a letter requesting repayment of the stolen funds.  Ex. 2, ¶7.  On August 1, 2007, CPRS contacted Plaintiff by phone and requested she return the stolen funds at which time Plaintiff stated she would begin paying $500 a month until she paid back the stolen funds.  Ex. 2, ¶7.  Neither Defendant CPRS nor Certegy Gaming ever received any payment from Plaintiff.  Ex. 85:11-13; Ex. 2, ¶7.  Certegy Gaming then submitted a stolen funds claim to the Indiana Gaming Commission.  Ex. 2, ¶7.

In July 2007, Plaintiff retained Legal Helpers to file bankruptcy for her, paying them $100 and discussing her debts with them on several different occasions in July and August 2007.

2

Ex. 1, 17:19 – 18:15.  The stolen funds are listed on Plaintiff's bankruptcy petition as a "line of credit" despite her admission during her deposition that she never had a line of credit at the Majestic Star Casino.  Ex. 1, 50:6-10 and Ex. A thereto, Schedule F, p.3.  Shortly after receiving the August 1 phone call from Defendant CPRS regarding the stolen funds, Plaintiff informed Legal Helpers of the call and provided them with a statement about it.  Ex. 1, 25:6-24.

On November 30, 2007, without Plaintiff's knowledge, Plaintiff's Attorneys filed this lawsuit against Defendant CPRS alleging that Plaintiff had "incurred a consumer debt primarily for personal, family or household purposes" without identifying the debt at issue.  Compl. ¶2.  The lawsuit alleged that Defendant CPRS had violated §§ 1692e and f of the FDCPA because it's phone call to Plaintiff was unfair and unconscionable, threatened legal action where none was contemplated, and contained misrepresentations.  Compl. ¶¶15, 17, 19.  The lawsuit further stated that Defendant CPRS had made this call "for the sole purpose of terrifying the Plaintiff" and had caused her "substantial anxiety and stress."  Compl. ¶12.

On December 4, 2007, Defendant CPRS waived service of this lawsuit.  Dckt. No. 5. On February 4, 2008, Defendant CPRS filed its answer and served Plaintiff with a notice of deposition for February 28, 2008.  Dckt. No. 8.  Plaintiff's Attorneys then demanded $3,850.00 to settle this lawsuit.  *See* email dated February 4, 2008, attached as part of Exhibit 5.  Defendant CPRS believed the unidentified debt alleged in Plaintiff's Complaint was one or both of the two bad checks Plaintiff passed at the casino on May 6, 2007, as these were the only debts belonging to Plaintiff that it had attempted to collect and because debts CPRS collects are maintained in a separate database and handled by different collection agents than ATM theft claims.  Ex. 2, ¶¶6, 8.

Although CPRS had not spoken to Plaintiff by phone regarding those debts, CPRS attempted to settle the lawsuit for a nominal sum to avoid litigation and explained to Plaintiff's Attorneys that it had not spoken with Plaintiff about the checks.  Ex. 2, ¶4; Ex. 4, email dated February 13, 2008; and affidavit of Amy R. Jonker, ¶3, attached as Exhibit 6.  Plaintiff and Plaintiff's Attorneys rejected Defendant CPRS's settlement offer and stated that the settlement demand would increase after Plaintiff's Attorneys prepared Plaintiff for her deposition.  Ex. 5, emails dated February 13, 15, and 16.

On February 18, 2008, Plaintiff's Attorneys served Defendant CPRS with a First Set of Interrogatories, a First Set of Requests for Production of Documents, and a First Set of Requests for Admissions.  *See* Plaintiff's written discovery requests attached as Exhibit 7.  Plaintiff's Attorneys also demanded $3,880.00 to settle due to the additional time they spent preparing the Plaintiff for her deposition and drafting the written discovery.  *See* Ex. 5, email dated February 18, 2008.

On February 28, 2008, Defendant CPRS deposed Plaintiff.  Ex. 1.  During the deposition, CPRS's attorney learned from Plaintiff that the "debt" at issue in her lawsuit was not either of the two bad checks but was Plaintiff's theft of cash from the ATM at the Majestic Star Casino.  Ex. 1, 50:6 – 52:8; 53:8-20; 55:24 – 56:8; 78:19 – 81:4.  The same day, CPRS demanded that Plaintiff dismiss the lawsuit with prejudice and that Plaintiff and Plaintiff's Attorneys pay CPRS's attorneys' fees and costs for filing and maintaining a lawsuit based on allegations that they knew or should have known were false.  Ex. 6, ¶4.

On February 29, 2008, CPRS's attorney spoke with one of Plaintiff's Attorneys and again demanded that Plaintiff and Plaintiff's Attorneys pay for CPRS's attorneys' fees and costs because Plaintiff's claims were based on her theft of money from Certegy Gaming's ATM at the

Majestic Star Casino. Plaintiff's Attorney said he had to discuss the matter with another attorney and would call CPRS's attorney back. He never called back but filed Plaintiff's Motion to Dismiss wrongly claiming that Defendant CPRS had refused to dismiss the lawsuit. Dckt. No. 10. On the same day, only forty-two (42) minutes after Plaintiff's Attorneys filed the Motion to Dismiss with Prejudice, the Court granted the motion. Dckt. No. 12.

## Argument

### III.    Plaintiff Should Be Sanctioned Under 15 U.S.C. § 1692k(a)(3)

Under § 1692k(a)(3) the Court may award CPRS its attorneys fees and costs if it finds that Plaintiff brought this lawsuit in bad faith and for the purpose of harassment. *See* 15 U.S.C. §1692k(a)(3). Here, Plaintiff acted in bad faith because she knew that her claims were based on her ATM theft and she filed this lawsuit to harass CPRS in the hope that it would not press criminal charges or take legal action against her to recover the stolen money.

A theft is not a debt and is not actionable under the FDCPA. "And although a thief undoubtedly has an obligation to pay for the goods or services he steals, the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d 1322, 1326 (7th Cir. 1997); *see also*, *Duffy v. Landberg,* 133 F.3d 1120, 1124 (8th Cir. 1998) (obligation arising from theft is not a debt under the FDCPA); *DirecTV, Inc. v. Cephas*, 294 F.Supp.2d 760, 763 (M.D.N.C. 2003) (theft does not fall under FDCPA); *Coretti v. Lefkowitz*, 965 F.Supp. 3, 5 (D.Conn. 1997) (same); *Grimard v. Palmer, Reifler and Assoc.*, 2007 WL 2287831 at * 2-3 (E.D.Mich. 2007) (money obligation arising from tort or theft is not a debt under the FDCPA).

Here, Plaintiff had no basis for an FDCPA lawsuit because she stole the money at issue. Plaintiff acted in bad faith when she filed this lawsuit because she knew that the money she took from the ATM did not belong to her, she knew it was not a loan, and she knew she faced criminal prosecution for stealing it. Ex. 1, 67:7-23, 78:19 – 79:4, 82:4-12 and 87:22 – 88:8. Despite knowing these things, she filed this meritless FDCPA lawsuit as if *she* was the one who had been wronged with the hope that doing so would force CPRS to incur attorneys' fees and litigation costs and deter it from trying to recover the stolen money from her and from pressing charges against her. Plaintiff's bad faith and harassment went beyond filing the FDPCA lawsuit. She repeatedly demanded settlement (Ex. 5, email dated February 13, 2008), issued written discovery through her attorneys (Ex. 7), and proceeded with her deposition despite knowing that she stole the money. Plaintiff's obvious and intentional bad faith and harassment of CPRS is a violation of § 1692k(a)(3).

Other courts have found plaintiffs filed lawsuits in bad faith and for the purpose of harassment in violation of § 1692k(a)(3) where the plaintiffs based their lawsuits on meritless allegations. *See*, *e.g.*, *Black v. Equinox Financial Management Solutions, Inc*., 444 F.Supp.2d 1271, 1275 (N.D.Ga. 2006) (finding of bad faith where plaintiff filed lawsuit based on hunch about defendant and never confirmed facts prior to filing lawsuit); *DeBusk v. Wachovia Bank*, 2006 WL 3735963 at *5-6 (D. Arizona 2006) (finding of bad faith where plaintiff filed lawsuit founded on baseless allegations contradicted by credible evidence); *Terran v. Kaplan*, 989 F.Supp. 1025, 1028-29 (D. Arizona 1997) (finding of bad faith where plaintiff owed the debt but refused to pay unless forced). Here, Plaintiff acted blatantly in bad faith and to harass CPRS by filing and pursuing this lawsuit based on not just meritless, but outright false allegations to avoid

restitution and prosecution.  Thus, the Court should award CPRS its attorneys' fees and costs as a sanction against Plaintiff for violating § 1692k(a)(3).

### IV.     Plaintiff's Attorneys Violated 28 U.S.C. § 1927

Plaintiff's Attorneys should be sanctioned for violating 28 U.S.C. § 1927 by unreasonably and vexatiously pursuing litigation of this lawsuit when they knew or should have known it was meritless.  An attorney who unreasonably and vexatiously multiples the proceedings in any case may be required to pay the excess costs, expenses, and attorneys' fees incurred because of his conduct.  *See* 28 U.S.C. § 1927.

Plaintiff's Attorneys alleged in their Motion to Dismiss that "facts previously unknown to both Defendant and Plaintiff surfaced that undermine the allegations Plaintiff alleged in her Complaint" without stating what those "facts" are.  Dckt. No. 10.  Plaintiff's Attorneys are presumably referring to the fact that Plaintiff stole the ATM funds rendering her FDCPA claims meritless.  But Plaintiff's Attorneys, who are experienced FDCPA practioners, knew or should have known *before* they filed the Complaint and pursued litigation that the "debt" was the stolen funds and that, under the FDCPA, a theft is not a debt and not actionable.  *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.,* 111 F.3d at 1326.  Instead, Plaintiff's Attorneys multiplied the proceedings in this case in violation of § 1927 by filing the Complaint and pursuing litigation when they knew Plaintiff's claims were entirely without legal or factual foundation.  An attorney acts in an objectively unreasonable manner in violation of § 1927 where a claim is without a plausible legal or factual basis and lacking in justification.  *Burda v. M. Ecker Co.*, 2 F.3d 769, 777 (7th Cir. 1993).

Plaintiff's Attorneys knew or should have known that Plaintiff stole the money before they filed the lawsuit because, prior to filing the Complaint, Plaintiff gave them her financial

information and discussed her finances with them several times in preparation for filing bankruptcy and before they filed the FDCPA lawsuit. Ex. 1, 17:19 – 19:6. Plaintiff's Attorneys also knew about CPRS's phone call to Plaintiff demanding repayment of the stolen funds and warning her of criminal prosecution if she failed to repay it. Compl. ¶¶9-10. Further, Plaintiff *openly admitted* to stealing the money in her deposition and her attorney at the deposition did not question her about it. Ex. 1, 78:19 – 79:4, and 87:22 – 88:8. Plaintiff's Attorneys *knew* Plaintiff stole the funds and that there was no "debt" before they filed the lawsuit and knew the lawsuit was meritless when they filed it and forced CPRS to defend it. They should be sanctioned for their unreasonable and vexatious actions in violation of § 1927.

Plaintiff's Attorneys may argue that they were unaware of Plaintiff's theft prior to her deposition and, thus, did not violate § 1927. *See* Plaintiff's Motion to Dismiss. Even if that were true, Plaintiff's Attorneys' alleged lack of knowledge is not a defense to sanctions. "An empty head but a pure heart is no defense." *Johnny's Icehouse, Inc. v. Amateur Hockey Ass'n of Illinois*, 2001 WL 830979 at *4 (citing *Thornton v. Wahl*, 787 F.2d 1151, 1154 (7th Cir. 1986).

If Plaintiff's Attorneys did not know of Plaintiff's theft when they filed the lawsuit, then they violated § 1927 because they acted recklessly and indifferently in investigating (or failing to investigate) this lawsuit. Objective bad faith is satisfied by reckless or indifferent conduct. "If a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious." *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006); *Jolly Group, Ltd. v. Medline Industries*, Inc., 435 F.3d 717, 720 (7th Cir. 2006); *Riddle & Associates, P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005). If Plaintiff's Attorneys claim they did not know about the stolen funds, then their lack of knowledge proves their failure to make a reasonable inquiry into the facts prior

to filing the lawsuit in violation of § 1927. Failure to make a reasonable inquiry into the factual

basis of a lawsuit prior to filing it is a violation of § 1927. *See Claiborne v. Wisdom*, 414 F.3d

715, 722 (7th Cir. 2005)(affirming district court's finding that filing and pursuit of lawsuit

without making a reasonable inquiry was sanctionable).

      Plaintiff's Attorneys' failure to investigate the facts is reckless given the information they

had prior to filing the lawsuit. Plaintiff's Attorneys reviewed Plaintiff's finances with her

several times in July and August of 2007. If Plaintiff's Attorneys claim they did not know about

the stolen funds, then they recklessly failed to investigate how Plaintiff could have obtained an

"extension of credit" from an ATM for the large amount of $13,874 at a casino where she had

recently bounced at least two small checks that then went into collections. That fact alone

should have caused them to investigate the source of the stolen funds, but they also knew about

CPRS's phone call to Plaintiff warning her of criminal prosecution if she did not repay the stolen

funds and included this fact in the Complaint. Compl. ¶¶9-10. Plaintiff *herself* testified that her

attorneys never contacted her to discuss the allegations of the Complaint after she initially

reported CPRS's phone call. Ex. 1, 11:22 – 12:7; 23:22 – 23; 24:13 – 14; 25:6 – 26:3. Instead,

Plaintiff's Attorneys acted recklessly by not inquiring about the suspicious nature of the stolen

funds, by not inquiring about CPRS's phone call warning of Plaintiff criminal prosecution, and

by filing the meritless Complaint and forcing CPRS to defend against it.

      Plaintiff's Attorneys' failure to conduct a minimal investigation into these fundamental

facts is a violation of § 1927. "A complaint containing allegations unsupported by any

information obtained prior to filing, or allegations based on information *which minimal factual*

*inquiry would disprove*, will subject the author to sanctions." *Chaudhry v. Gallerizzo*, 174 F.3d

394,410-11 (4th Cir. 1999) (citing *In re Kunstler*, 914 F.2d 505, 516 (4th Cir. 1990) cert. denied,

499 U.S. 969, 111 S.Ct. 1607, 113 L.Ed.2d 669 (1991)(emphasis added)). Given Plaintiff's repeated and ready admission during her deposition to the fact that she stole the money, Plaintiff's Attorneys could have easily discovered this fact prior to filing the Complaint if they simply had investigated. If Plaintiff's Attorneys had acted in a reasonably careful manner and conducted a minimal factual inquiry prior to filing the lawsuit, they would have discovered Plaintiff's theft before filing the lawsuit. Plaintiff's Attorneys' failure to do so is a violation of § 1927 and resulted in CPRS incurring attorneys' fees and costs to defend and investigate this baseless lawsuit itself.

Plaintiff's Attorneys also prolonged this lawsuit when they knew it was meritless in violation of § 1927 because they knew or should have known that Plaintiff's frivolous, unfounded FDCPA claims were based on a theft, but they kept litigating. Failure to dismiss a lawsuit once an attorney knows his client's claim is unsound violates § 1927. *Andros v. Soddy*, 2000 WL 33950023 at *7 (Bankr. W.D.Wis.) (where attorney failed to dismiss lawsuit for five weeks after he knew client's claims were unsound) (citing *Kotsilieris v. Chalmers*, 966 F.2d 1181, 1183 (7th Cir. 1992)).

Plaintiff's Attorneys forced CPRS to mount its own investigation into the facts and defend the meritless lawsuit while Plaintiff's Attorneys repeatedly demanded settlement. While discussing settlement and prior to conducting discovery, attorneys for CPRS notified Plaintiff's Attorneys that CPRS had attempted to call Plaintiff regarding collection of the two bounced checks but that the account notes showed that no one from CPRS ever spoke to Plaintiff in person. Ex. 5, email dated February 13, 2008 and Ex. 6, ¶3. At this point, Plaintiff's Attorneys knew that the alleged "debt" was not two bounced checks but the stolen funds but failed to inform CPRS's attorneys of this basic fact. Plaintiff's Attorneys continued to litigate in violation

of § 1927 by conducting a Rule 26(f) conference and preparing a report, serving discovery that had nothing to do with the facts or legal issues presented in the Complaint. They also produced Plaintiff for her deposition when they knew or should have known that Plaintiff's claims were meritless.  Ex. 7.

Plaintiff's Attorneys' prolonging of this lawsuit by demanding settlement and litigating when they knew or should have known that it was meritless was objectively unreasonable and vexatious in violation of § 1927.  Plaintiff's Attorneys should pay CPRS's attorney's fees and costs as a sanction for their violations.

Plaintiff's Attorneys also violated § 1927 by using this lawsuit to try to extort a settlement out of CPRS when they knew or should have known the lawsuit was meritless.  On February 4, 2008, despite their failure to either investigate the facts before filing the Complaint or to inform CPRS of the true facts, Plaintiff's Attorneys demanded $3,850 to settle this lawsuit. Ex. 5.  CPRS's attorneys informed Plaintiff's Attorneys that CPRS had not spoken to Plaintiff about the two bounced checks and offered to settle for $2,000.  Ex. 5.  On February 13, 2008, instead of informing CPRS that the alleged "debt" was not either of the two bounced checks but the stolen $13,874, Plaintiff's Attorneys demanded $2750 to settle and threatened that the settlement demand would increase once they began preparing Plaintiff for her deposition.  Ex. 5.

Plaintiff's Attorneys' attempt to extort a settlement did not end there.  Two days later, on February 16, 2008, Plaintiff's Attorneys withdrew their settlement demand.  On February 18, 2008, Plaintiff's Attorneys demanded $3,880 to settle because they claimed that they had prepared Plaintiff for her deposition and served CPRS with interrogatories, requests to produce, and requests for admission.  Exs. 5 and 6.  Plaintiff's Attorneys still had either not investigated

the facts or had investigated them but failed to inform CPRS and continued to pursue litigation by producing Plaintiff for her deposition.

Plaintiff's Attorneys' repeated demands to settle this lawsuit when they knew it was meritless violates § 1927. Filing and maintaining a lawsuit for the purpose of extorting a settlement violates § 1927. *Burda v. M. Ecker Co.*, 2 F.3d 769, 777 (7th Cir. 1993)(affirming sanctions for filing suit to extort settlement); *Edwards v. General Motors Corp.*, 153 F.3d 242, 247 (5th Cir. 1998)) (affirming sanctions for maintaining suit to extort settlement after attorney knew it was meritless); *Entertainment by J&J, Inc. v. Lee*, 126 Fed.Appx. 797, 2005 WL 663452 at *1 (9th Cir. 2005)(affirming sanctions for failing to investigate claim before filing suit, maintaining suit after claims were discredited, and attempting to exact settlement); *Walker v. Rieth-Riley Construction Co., Inc.*, 2007 WL 570492 at *2 (N.D.Ind. 2007)(granting sanctions for maintaining lawsuit to extort settlement). Plaintiff's Attorneys should be sanctioned for their attempts to extort a settlement from CPRS when they knew or should have known that Plaintiff's claims were frivolous.

For the reasons stated above, CPRS requests this Court sanction Plaintiff for violating 15 U.S.C. § 1692k(a)(3) and Plaintiff's Attorneys for violating 28 U.S.C. § 1927. Defendant will submit a fee petition at the Court's direction.

WHEREFORE, Defendant Certegy Payment Recovery Services, Inc. requests this Court enter an enter order granting sanctions in favor of Defendant and against Plaintiff and Plaintiff's Attorneys awarding Defendant its attorney's fees and costs incurred in defending this litigation and for any other relief this Court deems just.

Dated: May 5, 2008                          Respectfully Submitted,

                                            CERTEGY PAYMENT RECOVERY
                                            SERVICES, INC.


                                            By: _____/s/ Amy R. Jonker_____
                                                  One of its Attorneys

                                                  David L. Hartsell
                                                  Amy R. Jonker
                                                  McGUIREWOODS LLP
                                                  77 W. Wacker Drive, Suite 4100
                                                  Chicago, Illinois 60601-1815
                                                  (312) 849-8100 Phone
                                                  (312) 849-3690 Fax
                                                  dhartsell@mcguirewoods.com
                                                  ajonker@mcguirewoods.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 5, 2008, I electronically filed the foregoing

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**

**AGAINST PLAINTIFF AND PLAINTIFF'S ATTORNEYS** with the Clerk of the Court

using the CM/ECF system which will send notification of such filing to the following counsel of

record:

> Jeffrey S. Hyslip
> Richard J. Meier
> Attorneys for Plaintiff
> 20 W. Kinzie Street
> Suite 1300
> Chicago, IL 60610
> (866) 339-1156
> jsh@legalhelpers.com
> rjm@legalhelpers.com


_____
           /s/ Amy R. Jonker


\5240265.1