# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KATRINA DOUGLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 07 C 6773 |
| v. | ) | |
| | ) | Judge Bucklo |
| CERTEGY PAYMENT RECOVERY | ) | Magistrate Judge Valdez |
| SERVICES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## DECLARATION OF RHENA MEGUIAR

NOW COMES Rhena Meguiar and, pursuant to 28 U.S.C. 1746, declares under penalty of perjury that the following is true and correct:

1.      I make this affidavit upon my personal knowledge and am competent to testify to the matters stated herein.

2.      I am the Fraud Investigations Manager for Certegy Check Services, Inc. ("Certegy Check"), a wholly owned subsidiary of Fidelity National Information Services, Inc. ("Fidelity"). Fidelity is the parent company of Certegy Payment Recovery Services Inc., the defendant in this lawsuit ("CPRS"). Fidelity, Certegy Check, CPRS and Certegy Gaming Services, Inc. ("Certegy Gaming") are all affiliated entities.

3.      On May 6, 2007, Plaintiff bounced two checks for $200.00 each (hereinafter "the Bounced Checks") at the Majestic Star Casino in Hammond, Indiana and incurred two $25 service fees for bouncing the Bounced Checks.

4.      On or about May 18, 2007, the Bounced Checks were assigned to Defendant CPRS for collection.  Defendant CPRS sent Plaintiff several letters regarding collection of the

1

Bounced Checks and attempted to contact her by telephone regarding those debts but never spoke to her in person about them.

5.    On May 26th, 27th, 28th and 29th of 2007, Plaintiff withdrew $13,874.00 from a malfunctioning ATM owned and operated by Certegy Gaming (hereinafter, the "ATM Theft"). Certegy Gaming later discovered this error and attempted to debit the Plaintiff's account on June 11th, 2007 for $13,874.  However, the account was not able to be debited for any funds because the account was not authorized for such transactions, nor capable of being debited by Certegy Gaming.  Certegy Gaming assigned the ATM Theft claim to Defendant CPRS to contact Plaintiff regarding repayment of the stolen funds.

6.    Checks returned for insufficient funds and assigned to Defendant CPRS for collection are maintained separately in Defendant CPRS' database than ATM theft claims assigned by Certegy Gaming.  ATM theft related claims, including the ATM Theft by Plaintiff, are not typical of Defendant CPRS' normal course of business.  The collection agents pursuing claims related to bounced checks are separate from the agents attempting to recover ATM theft related claims, such as Plaintiff's ATM Theft.

7.    Defendant CPRS sent Plaintiff letters on July 5, 2007 and July 18, 2007 requesting repayment of the stolen funds.  Defendant CPRS contacted her by phone on August 1, 2007, and requested she repay the stolen funds.   Plaintiff stated to Defendant CPRS that she would begin paying $500 per month until the outstanding ATM withdrawals were satisfied. However, neither Defendant CPRS nor Certegy Gaming received any payment from Plaintiff and Certegy Gaming submitted the ATM Theft to the Indiana Gaming Commission. The Bounced Checks were not assigned to the Indiana Gaming Commission and remain outstanding debts payable to Defendant CPRS.

2

8.     When Plaintiff filed this lawsuit, Defendant CPRS believed that the debt at issue in the FDCPA lawsuit was one of the two bad checks Plaintiff passed at the casino on May 6, 2007, as the ATM Theft claims are maintained in a separate database and pursued by different collection agents.

9.     Plaintiff never repaid any of the money she stole from Certegy Gaming's ATM.

Executed On:  April ⏧, 2008          _____
                                      Rhena Meguiar

# EXHIBIT 3



## Office of the Prosecuting Attorney
### 31st JUDICIAL CIRCUIT
### LAKE COUNTY, INDIANA

**BERNARD A. CARTER**
PROSECUTING ATTORNEY

February 27, 2008

MAIN OFFICE
2293 NORTH MAIN STREET
CROWN POINT, INDIANA 46307
(219) 755-3720
FAX (219) 755-3642

Mr. Joe Wolf
Fidelity Information Services
11601 Roosevelt Blvd. TA-76
St. Petersburg, FL 33716

RE:    STATE OF INDIANA vs. KATRINA DOUGLAS
       CAUSE NO: 45G04-0802-FD-00017

Dear Mr. Wolf:

This is to inform you that criminal charges have been filed against Katrina Douglas for Theft. I have enclosed information which you may find useful in explaining the criminal justice system.

You are welcome to attend any scheduled hearings in this matter, however your presence is not specifically required at most hearings. Should your appearance be required, you will be notified by our office. Once the actual trial date is set you will receive a subpoena from our office requiring your appearance on that date. **Should you wish additional notification of preliminary hearings, you must complete the enclosed questionnaire and return it to me.**

The deputy prosecutor will need to meet with you prior to the trial date. Once you receive notification of this meeting, please contact the deputy prosecutor to verify your attendance.

The deputy prosecutor who will be handling this case is Sabrina Haney. Should you have any questions you may reach me at (219) 755-3720, ext. #325.

Please notify me if you should change your address or telephone number.

Sincerely,

CAROLYN D. ROGERS
Director
Victim/Witness Division



# Office of the Prosecuting Attorney

### 31st JUDICIAL CIRCUIT
### LAKE COUNTY, INDIANA

**BERNARD A. CARTER**
PROSECUTING ATTORNEY



MAIN OFFICE
2293 NORTH MAIN STREET
CROWN POINT, INDIANA 46307
(219) 755-3720
FAX (219) 755-3642

### VICTIM WITNESS ASSISTANCE PROGRAM

**VICTIM WITNESS REPRESENTATIVE: CAROLYN D. ROGERS**

### STATE OF INDIANA VS. KATRINA DOUGLAS
### CAUSE NUMBER:45G04-0802-FD-00017

The Prosecutor's Office would like to keep you, the victim, informed of the progress in the above-captioned case. Many hearings are procedural in nature and do not require your appearance. **Our office will notify you of any hearings in which your appearance will be needed.** However, should you wish additional notification please complete the below information and return it to the Lake County Prosecutor's Office, 2293 N. Main Street, Crown Point, IN 46307 Attention, CAROLYN D. ROGERS.

NAME: Richard Weinman, Division Counsel, FNIS

ADDRESS: 100 Second Ave South, Suite 1100

CITY: St. Petersburg

STATE: FL          ZIP: 33701

HOME PHONE:(          )

WORK PHONE:( 727 ) 727 - 8406

*mailed reg mail 3-2-08 (RB)*

**\*\*TOTAL RESTITUTION AMOUNT OF DAMAGES/MEDICAL BILLS $ 13,874.55**

**RESTITUTION:** Ind. Code 35-50-5-3. In order to determine whether restitution is available in your case, we must first have proof of the loss you sustained that was not covered by an insurance policy. If you would like our office to pursue restitution on your behalf, include the defendant's name and cause number for this case when you mail copies of all related bills.

Restitution will be requested, however, it cannot be guaranteed. Restitution will be sought for out-of-pocket expenses only. You may file in Small Claim's Court (under $3,000) or contact a private attorney. You have two years to file a civil case.

**If proof of loss is not submitted within thirty (30) days of receipt of this notice, we may not be able to request restitution on your behalf.**

## LAKE COUNTY PROSECUTOR'S OFFICE
## VICTIM-WITNESS INFORMATION

Your cooperation as a victim or a witness of a crime is critical to the prosecution of a criminal case. You will be called upon to offer your knowledge of the crime. By explaining the various aspects and stages of the criminal proceedings, we hope to make you feel more comfortable and prepared.

### VICTIM-WITNESS DIVISION

Assistance program was formed to serve the needs of victims and witnesses in Lake County. Often, questions arise about the legal system. The staff of the Victim-Witness Division is available to furnish case information, answer questions, provide social service referral and advocacy services.

The Lake County Prosecutor's Office is open from 8:30 A.M. to 4:30 P.M., Monday through Friday. It is located on the first floor, in the center building, of the Lake County Government Complex, 2293 N. Main Street, Crown Point.

### RECEIVING A SUBPOENA

A subpoena is a Court Order directing you to appear at the time and place stated. Failure to appear can be understood as Contempt of Court. If you cannot appear as instructed, call the deputy prosecutor and discuss the matter with him or her.

### PRIOR TO TRIAL

You may be approached before trial by an attorney, or investigator, representing the defendant. You are under no legal obligation to discuss the case with the defense attorney at this point. Accordingly, you may refuse to talk until you receive a subpoena.

You may be subpoenaed for a deposition before trial. A deposition simply gives the defense attorney an opportunity to question the witnesses before a criminal trial. The deposition is usually held in the prosecutor's office with four individuals: the witness, the defense attorney, the deputy prosecutor and a court reporter.

**Finally, please notify the prosecutor's office immediately if you change your address or phone number. Our inability to contact you may result in the dismissal of the case.**

### COURTROOM PROCEEDINGS

One of the basic rules of a criminal case is that both the prosecutor and the defense attorney have an opportunity to question witnesses. Questions from both sides are directed at getting to the truth. You may be excluded from the courtroom when other witnesses are testifying. The purpose of this practice is to ensure that the testimony of one witness does not influence that of another.

### INDIANA'S VIOLENT CRIMES COMPENSATION FUND:

If you have medical, funeral, counseling expenses or lost earned income as a result of the crime, and if these expenses will not be reimbursed by insurance, you may be eligible to have a percentage of these losses reimbursed under Indiana's Violent Crimes Compensation Fund. You may get an application form and more information by contacting your Victim Representative. **YOU HAVE 180 DAYS FROM THE DATE OF THE CRIME TO FILE YOUR APPLICATION.**

# EXHIBIT 4

# Majestic Star Casino loses on faulty ATM

October 3, 2007

Post-Tribune staff report
Improperly installed software allowed casino patrons to withdraw thousands of dollars using their ATM or debit cards at Majestic Star Casino, even if they didn't have a balance to support the transaction.

Though court records indicate the casino's electronic ATM authorizing system, owned and operated by Sertegy Gaming Services Co., and Fidelity Information Services Co., in Florida, suffered a loss of more than $2 million through fraudulent transactions by hundreds of customers between May 14 and June 1, as of Tuesday one individual has been charged with theft after he allegedly withdrew $112,700 between May 19 and May 22.

Daniel D. Martin, 45, of Evanston, Ill., told investigators with the Indiana Gaming Commission he discovered on his own that there was a problem with the ATM machines in May but withdrew a total of $112,700 from them anyway. The casino is seeking repayment of $115,593, including ATM fees, but as of Sept. 7, Martin had not repaid any of the money, the probable cause affidavit states.

In May, bank cage employees became suspicious there was a problem with the ATM machines and began randomly checking patrons' bank account status when they came to the casino bank windows to get money from their checking accounts using their debit cards.

The random checks showed the casino's ATM system was authorizing cash payments to customers even when accounts were closed, inactive or there were non-sufficient funds in their accounts.

A company representative told investigators a check of their systems showed the software had been improperly installed at the ATM machines inside Majestic Star Casino on May 15. Because of the improper installation, the machines would authorize any ATM or debit card for payment.

One customer told investigators a man nicknamed "E-Dub" told him how to get cash and he withdrew $2,000 from the machine, despite having no money in his account.

After casino employees became concerned the system wasn't functioning property, they began keeping a list of names of patrons who got money from the ATM machines.

http://www.post-trib.com/index.html



THE TIMES
**nwi.com**

TaxACT   Start your FREE IRS return now!
› Prepare FREE   › Print FREE   › E-file FREE

| Home | Opinion | Sports | Entertainment | Features | Announcements | Classified | Homes | Autos | Jobs |

Local | National | Business | Lake | Porter | Illinois | Indiana | Calendar | Multimedia | Data | Weather | Traffic | Interact | Obits | Yellow Pages | Coupons

Search   web search powered by YAHOO! SEARCH   Advanced Search   Archives   Site Help ▾

# Luck runs out in casino ATM scam

Story   Discussion

BY DEBORAH LAVERTY
dlaverty@nwitimes.com
219.762.1397, ext. 2233 | Wednesday, October 03, 2007 | 6 comment(s)

Font Size

CROWN POINT | One gaming official called it "everyone's fantasy -- just by going to your ATM machine, you can get unlimited money."

Problem is, authorities say, taking money you know your account can't cover is against the law.

As a result, two Illinois men now are facing charges and about two dozen more people are under investigation.

Daniel D. Martin, 45, of Evanston, Ill., was charged with two counts of theft while Herman C. Simpson, 46, of Riverside, Ill., was charged with one count of attempted theft.

The two men, who have yet to be arrested, were charged Monday in Lake County Superior Court. They took or tried to take about $115,000 from Majestic Star Casino in Gary earlier this spring, Indiana Gaming Commission agent John Westmoreland said.

The machines apparently were so generous because software was improperly installed in the ATMs at casinos in Gary and Tunica, Miss., Westmoreland said.

The ATM machines, which dispense receipts instead of cash for larger financial transactions, would authorize any ATM/debit card placed into it for payment, he said.

The malfunction ended up costing the operator of the casinos' ATM authorizing system, Fidelity National Information Services/Certegy Inc., more than $2 million, he said.

Joseph Wolf, vice president of the St. Petersburg, Fla., company, couldn't be reached for comment.

Westmoreland said when the case is eventually resolved there is the possibility of up to 25 more people being charged with fraudulently taking money they didn't have in their bank accounts.

"We won't know exactly how many until we get bank records back," he said.

He said there were more than 100 transactions from the Gary-based ATM alone with the average amount taken in the $10,000 to $15,000 range.

"We're also looking at a couple of people who took $100,000. We're starting with the big ones first," he said

He said Simpson, whose case came to the attention of an alert casino teller, was the first one questioned by Indiana Gaming Commission agents.

"He brought it all to a head," Westmoreland said.

Simpson, after obtaining a receipt for $2,000 from the ATM, took the receipt to the teller cage at the Majestic Star. The teller took his receipt, asked for his debit card and form of identification and then was escorted to the Indiana Gaming Commission office, court records indicate.

When questioned, Simpson admitted he had no money in his account.

Martin, who is accused of taking $112,700, made 39 fraudulent transactions during a four-day period from May 19 to 22, authorities said. He reportedly admitted knowing he could not cover the withdrawals.

Martin said he told his wife about the money and she told him to take it back to the casino, which he did, but instead gambled it away, court records indicate.

Next Story          Share   Email   Print

MIDWEST TIRE & AUTO REPAIR

COOLING SYSTEM FLUSH
Up to 2 Gallons Antifreeze
$99

SCHERERVILLE 322-1712   MERRILLVILLE 769-6050   HOBART 947-3700   VALPARAISO 462-8152

Fed Cuts Interest Rates Again
Mortgage Rates Hit 26 Month Lows. Calculate Your New Mortgage Payment.
www.LowerMyBills.com

Zonafri.com
Sport news from africa.
www.zonafri.com

Send Money To India
Open Citibank Rupee Account No Minimum Balance required
www.CitiNRI.com    Ads by Yahoo!

## Marketplace

Jobs | Homes | Autos | Coupons | Meet The Expert

HVAC Service Manager Seeking experienced HVAC Service Manager for established mechanical contractor.

HVAC Service Manager Seeking experienced HVAC Service Manager for established mechanical contractor.

WELDER MASTER WELDER / FABRICATOR Reliable, quality-oriented, motivated individual with solid MIG/T

RESTAURANTS HEAD FRY COOK Prep, Full-Time Hammond Call 708-280-9707 or 219-937-1041...

DRIVERS DRIVERS-SEMI CDL W/Hazmat and, Regional Intermodal Exp. Req. min 5 yrs. exp. 40 per mile.

View All

Search Jobs         Go

# EXHIBIT 5

### Jonker Broersma, Amy R.

**From:**    Richard J. Meier [rjm@legalhelpers.com]
**Sent:**    Wednesday, February 13, 2008 3:02 PM
**To:**      Jonker Broersma, Amy R.
**Subject:** RE: Douglas v. Certegy Payment Recovery Services

Amy,

I just spoke with my client. First, I discussed deposition dates with my client and my client told me that she is willing to have her deposition taken on February 28, 2008 but it has to be at 1:00 p.m... Second, I discussed your assertion that the call notes do not show an actual conversation between a collector and my client. My client is adamant that she spoke to a collector from Cetergy Payment Recovery Services ("Cetergy") named Jennifer and that Cetergy was the only agency calling her. Third, my client rejects your $2,000 settlement offer but authorizes me to make a FIRM settlement demand of $2,750. My client specifically instructed me that I have no movement from this number.

Please communicate such to your client and advise whether we need to proceed with the deposition. Please note that this settlement demand will be withdrawn once I meet with my client in preparation for the deposition.

Sincerely,

Richard

---

**From:** Jonker Broersma, Amy R. [mailto:AJonker@mcguirewoods.com]
**Sent:** Wednesday, February 13, 2008 12:58 PM
**To:** Jeffrey Hyslip
**Subject:** RE: Douglas v. Certegy Payment Recovery Services

Jeffrey:

Defendant counter offers $2000 for settlement in full, including all attorneys' fees and costs.

Sincerely,
Amy R. Jonker
Attorney at Law

McGuireWoods

McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
312.750.3615 (Direct Line)
312.698.4549 (Direct FAX)
ajonker@mcguirewoods.com

    -----Original Message-----
    **From:** Jeffrey Hyslip [mailto:jsh@legalhelpers.com]
    **Sent:** Monday, February 04, 2008 3:23 PM
    **To:** Jonker Broersma, Amy R.
    **Subject:** Douglas v. Certegy Payment Recovery Services

Amy,

I wanted to let you know that I have authority to resolve this matter for $3,850.00. Please speak with your client and let me know if this is amicable.

Thanks,

Jeffrey S. Hyslip, Esq.*
Managing Attorney
Macey & Aleman, P.C./Legal Helpers, P.C
20 West Kinzie, 13th Floor
Chicago, IL 60610
Direct Dial: 312.753.7536
Fax: 312.822.1064

*Jeffrey Hyslip is admitted in the State of Ohio and Federal Courts in Ohio, Indiana, Wisconsin, Colorado, Pennsylvania and Illinois.

NOTICE OF CONFIDENTIALITY: This e-mail and its attachments, if any, are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this e-mail. If you have received this email in error, please notify the sender immediately by reply e-mail or telephone call to 1.866.339-1156 and delete this e-mail and any attachments from your computer system. The transmission of this message does not constitute the waiver of attorney-client or work product privilege.

3/28/2008

## Jonker Broersma, Amy R.

**From:**    Richard J. Meier [rjm@legalhelpers.com]
**Sent:**    Friday, February 15, 2008 11:52 AM
**To:**    Jonker Broersma, Amy R.
**Subject:** RE: Douglas v. Certegy

Amy,

     Please be aware that I set an appointment with my client tomorrow to prepare for the deposition. As previously communicated, my client will withdraw her demand at that time. I am not trying to rush your client to make a decision but I thought you should know.

Sincerely,

Richard

---

**From:** Jonker Broersma, Amy R. [mailto:AJonker@mcguirewoods.com]
**Sent:** Friday, February 15, 2008 11:06 AM
**To:** Richard J. Meier
**Subject:** Douglas v. Certegy

Richard:

February 28 at 1pm is fine for Plaintiff's deposition. We will see you at our office then.

Sincerely,

Amy R. Jonker

McGUIREWOODS
McGuireWoods LLP
77 West Wacker Drive
Suite 4100
Chicago, IL 60601-1818
312.750.3615 (Direct Line)
312.698.4549 (Direct FAX)
ajonker@mcguirewoods.com

---

*This e-mail may contain confidential or privileged information. If you are not the intended recipient, please advise by return e-mail and delete immediately without reading or forwarding to others.*

3/28/2008

**Jonker Broersma, Amy R.**

| | |
|---|---|
| **From:** | Richard J. Meier [rjm@legalhelpers.com] |
| **Sent:** | Saturday, February 16, 2008 1:10 PM |
| **To:** | Jonker Broersma, Amy R. |
| **Subject:** | Douglas v. Cetergy |

Amy,

For reasons previously communicated, I must withdraw my client's demand of $2,750. I will submit a revised demand reflecting the additional attorney fees incurred on Monday.

Sincerely,

Richard J. Meier, Esq.*
Macey & Aleman, P.C./Legal Helpers, P.C.
20 West Kinzie Street
Suite 1300
Chicago, IL 60610
tel: 866.339.1156
fax: 312.822.1064

*Admitted in Ohio, Illinois, and District Courts in Ohio, Illinois, Indiana, Michigan, Wisconsin, Colorado, and Pennsylvania.

NOTICE OF CONFIDENTIALITY: This e-mail and its attachments, if any, are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this e-mail. If you have received this email in error, please notify the sender immediately by reply e-mail or telephone call to 1.866.339-1156 and delete this e-mail and any attachments from your computer system. The transmission of this message does not constitute the waiver of attorney-client or work product privilege.

## Jonker Broersma, Amy R.

**From:** Richard J. Meier [rjm@legalhelpers.com]
**Sent:** Monday, February 18, 2008 12:55 PM
**To:** Jonker Broersma, Amy R.
**Subject:** Douglas v. Cetergy

Amy,

    As previously communicated, my client's settlement demand of $2,750 was withdrawn. My client's new settlement demand is $3,880. This revised demand reflects the additional attorney time spent preparing my client for her deposition and preparing the written discovery that was hand delivered to your office today. I trust you will communicate this revised demand to your client as well as the reasons behind it. Please advise whether the matter can be resolved before more attorney fees are accumulated.

Sincerely,

Richard J. Meier, Esq.*
Macey & Aleman, P.C./Legal Helpers, P.C.
20 West Kinzie Street
Suite 1300
Chicago, IL 60610
tel: 866.339.1156
fax: 312.822.1064

*Admitted in Ohio, Illinois, and District Courts in Ohio, Illinois, Indiana, Michigan, Wisconsin, Colorado, and Pennsylvania.

NOTICE OF CONFIDENTIALITY: This e-mail and its attachments, if any, are for the exclusive and confidential use of the intended recipient. If you are not the intended recipient, please do not read, distribute or take action in reliance upon this e-mail. If you have received this email in error, please notify the sender immediately by reply e-mail or telephone call to 1.866.339.1156 and delete this e-mail and any attachments from your computer system. The transmission of this message does not constitute the waiver of attorney-client or work product privilege.

3/28/2008

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KATRINA DOUGLAS,                    )
                                    )
            Plaintiff,              )
                                    )    Case No. 07 C 6773
      v.                            )
                                    )    Judge Bucklo
CERTEGY PAYMENT RECOVERY            )    Magistrate Judge Valdez
SERVICES, INC.,                     )
                                    )
            Defendant.              )

### Declaration of Amy R. Jonker

NOW COMES Amy R. Jonker and, pursuant to 28 U.S.C. 1746, declares under penalty of perjury that the following is true and correct:

1.      I make this affidavit upon my personal knowledge and am competent to testify to the matters stated herein.

2.      I am one of the attorneys who represented Certegy Payment Recovery Services, Inc. ("CPRS") in this lawsuit.

3.      On or about February 13, 2008, I spoke by telephone with Richard Meier, one of the attorneys for Plaintiff regarding settlement.  During that conversation I explained to Mr. Meier that I had reviewed the account notes from CPRS regarding the two checks Plaintiff had bounced at the Majestic Star Casino and that CPRS attempted to collect.  I informed him that CPRS had attempted to contact Plaintiff by phone regarding the two bounced checks but had never spoken to her in person and had only reached her answering machine. I further explained that because CPRS had never spoken with Plaintiff, the claims in her Complaint could not be true and that if CPRS took part in any settlement, it would do so only to avoid litigation.

4.     On February 28, 2008, I deposed Plaintiff.  After the deposition, I spoke with Mr. Meier and demanded that Plaintiff dismiss her lawsuit with prejudice and that Plaintiff and Plaintiff's Attorneys pay CPRS's attorneys' fees and costs because Plaintiff's claims were based on her theft of money from Certegy Gaming's ATM at the Majestic Star Casino.  Mr. Meier said he would contact me after speaking with Plaintiff.

5.     On February 29, 2008, I spoke with Mr. Meier again and repeated CPRS's demand that Plaintiff and Plaintiff's Attorneys pay for CPRS's attorneys' fees and costs because Plaintiff's claims were based on her theft of money from Certegy Gaming's ATM at the Majestic Star Casino.  Mr. Meier said he had to discuss the matter with another attorney and would call me back.  He never called me back but filed Plaintiff's Motion to Dismiss.

Executed On:  May 5, 2008                      _____
                                                Amy R. Jonker

\5254220.1

2

# EXHIBIT 7

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KATRINA DOUGLAS, | Case No.:  1:07-cv-6773 |
| Plaintiff, | |
| | Judge: Bucklo |
| | Magistrate Judge: Valdez |
| v. | |
| CERTEGY PAYMENT RECOVERY SERVICES, INC., | **PLANITIFF'S FIRST SET OF INTERROGATORIES** |
| Defendant. | |

The Plaintiff requests that the Defendant answer under oath, in accordance with Rule 33 of the Federal Rules of Civil Procedure, the following interrogatories.

### INSTRUCTIONS AND DEFINITIONS

A- Answers to these Interrogatories must be furnished within thirty (30) days of the service of these Interrogatories.

B- Each Interrogatory should be answered upon your entire knowledge from all sources and all information in your possession or otherwise available to you, including information from your officers, employees, agents, representatives, and/or consultants and information that is known by each of them. An incomplete or evasive answer is a failure to answer.

C- If any answer is qualified, state specifically the terms of each qualification and the reasons for it. If an Interrogatory cannot be answered in full, state the part that can be answered and answer the same in full to the extent possible; state further and specifically the reason(s) why the remainder cannot be answered.

D- Unless otherwise specified in a particular paragraph, provide the information and identify the documents requested for the period of 12 moths prior to the date of filing the complaint to the present. Each Interrogatory is considered continuing, and if Defendant obtains information which

renders its answers or one of them, incomplete or inaccurate, Defendant is obligated to serve amended answers on the undersigned.

E- The terms ''document'' or ''documents'' in these Interrogatories shall refer to all writings and recorded materials, of any kind, that are or have been in the possession, control or custody of Defendant of which Defendant has knowledge, whether originals or copies. Such writings or recordings include, but are not limited to: contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, research materials, correspondence, logs, diaries, forms, bank statements, tax returns, card files, books of account, journals, ledgers, invoices, diagrams, drawings, computer files, records, documents, data, print-outs or tapes, reports, statistical computations, studies, graphs, charts, minutes, manuals, pamphlets, or books of all nature and kind whether handwritten, typed, printed, mimeographed, photocopied or otherwise reproduced, all tape recordings (whether for computer, audio, or visual replay) or other written, printed, and recorded matter or tangible things on which words, phrases, symbols or information are recorded.

F- The terms "you," "your," "yourself," and "Defendant," as used in these Interrogatories, shall refer to the Defendant Certgey Payment Recovery Services, Inc., its agents, subsidiaries, parent organizations, and/or any other related organizations, corporations, and/or entity.

G- The term "Plaintiff," as used in these Interrogatories, shall mean Plaintiff Katrina Douglas.

H- The term "original creditor," as used in these Interrogatories, means the person, entity, and/or other organization, and agents, employees, and/or representatives, that originally extended the credit that gave rise to the debt Defendant is attempting to collect. The term "original creditor" further includes the definition for "creditor" included in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a.

I- A request to identify a document is a request to state as applicable:

2

1. The date of the document;

2. The type of document;

3. The names and present addresses of the person or persons who prepared the document, and of the signers and/or addressers of the document;

4. The name of the employer or principal whom the signers, addressers, and/or preparers were representing;

5. The present location of the document;

6. The name and current business and home addresses of the present custodians of the original document, and any copies of it;

7. A summary of the contents of the document; and

8. If the original document was destroyed, the date and reason for, or circumstances under, which it was destroyed.

J- If any Interrogatory may be answered fully by a document, the document may be attached in lieu of an answer if the document is marked to refer to the Interrogatory to which it responds.

## **INTERROGATORIES**

1- State the name(s), business address(es), and job title(s) or capacity(ies), of each and every person answering or providing any information used to answer these Interrogatories.

2- Identify the physical premises (i.e. street address, city, state, and zip) of each and every location where a communication between Defendant and Plaintiff originated or was received.

3- State the full legal name, aliases, job title, business and home addresses, and telephone numbers, date of initial employment, and, if applicable, date of and reason for termination

of employment, of each of your agents, employees, and/or representative that communicated, or attempted to communicate, with Plaintiff.

4- Identify the date, time, and method of each of Defendant's communication or attempted communication with Plaintiff.

5- State and explain with specificity each and every fact upon which each defense asserted in Defendant's Answer is based.

6- Identify those person(s) that Defendant claims caused, or could have caused, Plaintiff's damages over which Defendant had no control.

7- Describe in detail the reasonable procedures that Defendant maintains to avoid statements of criminal prosecution being made during the collection, or attempted collection, of an account.

8- Describe how Plaintiff "failed to mitigate her damages" as claimed in Defendant's Answer.

9- Describe the content, timing, and duration of any and all training provided to Defendant's employees regarding the FDCPA. Your response should include, but is not limited to: a description of any and all documents used in such training; any and all audio or visual materials used in such training; and the identification of each and every person involved in providing such training.

10- Identify and describe any and all documents, as defined above, used to describe, record, or establish, Defendant's methods and techniques to be used in the collection of consumer accounts.

11- Describe fully any system(s) Defendant maintains or operates to record contacts of its employees with consumers or third parties in connection with the collection of consumer accounts, and Defendant's policies for operating such a system.

12- Identify and describe each and every document known to Defendant that is related to Plaintiff's account.

13- State the name(s) and address(es) of Defendant's liability insurer(s) for the last three years and the dates of coverage, type, policy number(s) of each liability insurance policy.

14- Identify and describe each claim made under each liability insurance policy in the last two years, including the date of claim, claim number, the subject of the claim, the status of the claim, the resolution of the claim, and any amounts paid under each policy.

15- Identify any and all notices that Defendant gave to any and all of Defendant's insurers regarding this lawsuit.

16- Identify the date, time, type (e.g., letter, telephone call), witnesses to or participants in, and the substance of each contact with a person other than Plaintiff made in connection with the collection of Plaintiff's account.

17- Identify each document, recording, and person furnishing information with regard to your response to Interrogatory No. 15.

18- List and explain all abbreviations and codes, letters, numerals, or symbols used by Defendant in its records or collection activities.

19- Please describe the process through which Defendant files lawsuits in connection to the collection of accounts. Your response should include, but is not limited to: identifying the person(s) who make or approve the decision to file suit on an account; at what point in the collection process is the decision made; the criteria and policies used in making the decision to sue (e.g., minimum dollar amount, distance of consumer from Defendant's office, contingency of claim, debtor's assets, defenses to claim), that were in place at the time Defendant contacted Plaintiff; the person(s) who prepare the Complaint in the respective lawsuits; and how the attorney to be retained is selected.

20- Describe any and all procedures adopted by the Defendant to avoid violations of the Fair Debt Collection Practices Act.

21- Identify any and all internal and external documents regarding Defendant's compliance and/or noncompliance with the Fair Debt Collection Practices Act.

22- Identify by caption, court, civil action number, and result, all litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act in the past 12 months.

23- Identify by name, position, address, and phone number, all witnesses Defendant proposes to call at trial, and describe the substance of each witness' expected testimony.

24- List all exhibits Defendant anticipates to introduce at trial.

25- Identify each person whom the Defendant anticipates to call as an expert witness at trial, state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify, and a summary of the grounds for each opinion.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____

Richard J. Meier
20 West Kinzie; Suite 1300
Chicago, IL 60610
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
*Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2008 a copy of the foregoing Plaintiff's First set of

Interrogatories was served upon the following parties through hand delivery to:

Amy R. Jonker
McGuireWoods LLP
77 West. Wacker Drive, suite 4100
Chicago, IL 60601
*Attorney for Defendant*

/s/ *Richard J. Meier*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KATRINA DOUGLAS, | Case No.: 1:07-cv-6773 |
| Plaintiff, | Judge: Bucklo<br>Magistrate Judge: Valdez |
| v. | |
| CERTEGY PAYMENT RECOVERY<br>SERVICES, INC., | **PLANITIFF'S FIRST SET OF<br>REQUESTS FOR PRODUCTION<br>OF DOCUMENTS** |
| Defendant. | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff requests that

Defendant produce within (30) days, the documents herein described and permit Plaintiff and

Plaintiff's counsel to inspect and copy such documents as they may desire. Plaintiff

requests that the documents be made available for inspection at the offices of Plaintiff's counsel,

Richard J. Meier; Legal Helpers, P.C.; 20 West Kinzie Street, Suite 1300; Chicago, IL 60610, or at

such office of the Defendant as the documents requested may be located, in normal business hours,

with the least possible disruption to the ordinary course of Defendant's duties and responsibilities.

Plaintiff further requests that this inspection be permitted by Defendant immediately after

Defendant's response to this request has been served, and that Plaintiff's counsel be permitted to

remove from Defendant's custody such of the documents as they desire to copy, on the

understanding that Plaintiff's counsel will be responsible for these documents for as long as they are

in Plaintiff's counsel's possession, that copying will be done at Plaintiff's expense, and that the

documents will be promptly returned immediately after copying has been completed.

This request is intended to cover all documents in possession of the Defendant, or subject to

his custody and control, regardless of location.

A- As used in these requests, the term ''document'' means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to: correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys, minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs, agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

B- As used in the Requests, the terms "you," "your," "yourself," and "Defendant," shall refer to the Defendant Certegy Payment Recovery Services, Inc. its agents, subsidiaries, parent organizations, and/or any other related organizations, corporations, and/or entity.

C- As used in these requests, the term "Plaintiff" shall mean Plaintiff Katrina Douglas.

D- As used in these requests, the term "original creditor" shall mean the person, entity, and/or other organization, and agents, employees, and/or representatives, that originally extended the credit that gave rise to the debt Defendant is attempting to collect. The term "original creditor" further includes the definition for "creditor" included in the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a.

## **REQUESTS FOR PRODUCTION**

Please produce the following:

1- Any and all documents, as defined above, that Defendant read, used, consulted, and/or referred to in forming its answers to each of Plaintiff's Interrogatories or Requests for Admissions.

2- A plain-English description or glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-glossary for any and all lists, legends, codes, abbreviations, collector initials, or other non-obvious terms, words, or data contained in any of the documents produced in response to any discovery request in the above-captioned matter.

3- Any and all documents, as defined above, relating to Plaintiff's alleged debt and any collection attempts thereof. Including, but not limited to: a copy of the original debt instrument signed by Plaintiff; a complete payment history on the alleged debt; and any and all statements sent to Plaintiff by Defendant, the original creditor, or any other collection agency that owned the alleged debt prior to Defendant.

4- The complete personnel records for each and every person identified in response to Interrogatory No. 4.

5- Any and all recordings, in any media format, of conversations between Plaintiff and Defendant, and/or between Plaintiff and any other collection agency that owned the alleged debt prior to Defendant.

6- Any and all documents, as defined above, generated by Defendant relating to Plaintiff's alleged debt. Including, but not limited to: all letters sent to Plaintiff; a complete listing of all telephone calls made to contact Plaintiff, whether attempted or completed; and the complete notes of any and all communications with Plaintiff.

7- Any and all documents, as defined above, purchased by Defendant relating to Plaintiff's alleged debt. Including, but not limited to: any "skip trace reports" relating to Plaintiff, any and all credit reports relating to Plaintiff, and any other research reports concerning Plaintiff.

8- Any and all documents, as defined above, received by Defendant, the original creditor, and/or any other collection agency that owned the alleged debt prior to Defendant, from Plaintiff relating to the alleged debt.

9- Complete copies of Defendant's actual telephone records for the month of August 2007.

10- Any and all documents, as defined above, relating to Defendant's activities to collect debts similar to the alleged debt of Plaintiff.

11- Any and all material, including video and audio tapes, pertaining to training, by or for the Defendant and its employees, regarding the Fair Debt Collection Practices Act.

12- Any and all documents, as defined above, between Defendant and any and all other collection agencies regarding Plaintiff, Plaintiff's alleged debt, and the collection of the alleged debt.

13- Copies of any and all legal actions filed against Defendant, in any court of law of any state, alleging violations of the Fair Debt Collection Practices Act for the period from January 1, 2005 to the present.

14- Any and all insurance policies that could potentially provide coverage for Defendant against any claims for violation(s) of the Fair Debt Collection Practices Act.

15- Any and all documents, as defined above, in Defendant's possession sent to or received from the original creditor of Plaintiff's alleged debt and/or any other collection agency that held or owned the debt prior to Defendant.

16- Any and all documents, as defined above, relating to any and all of the Defenses asserted in Defendant's Answer.

17- Copies of any and all resumes, curriculum vitaes, and/or other document(s), listing the professional background of any and all experts that Defendant expects to testify at trial.

18- Copies of any and all reports and/or documents utilized by any and all expert witness(es) that Defendant proposes to call at trial.

19- Copies of any and all exhibits that Defendant expects to introduce at trial.

These Requests shall be deemed continuing so as to require further and supplemental production if Plaintiffs obtain additional documents required to be produced herein between the time of the initial production and the time of trial.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____

Richard J. Meier
20 West Kinzie; Suite 1300
Chicago, IL 60610
Tel: 1.866.339.1156
Fax: 1.312.822.1064
rjm@legalhelpers.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2008 a copy of the foregoing Plaintiff's First set of

Requests for Production of Documents was served upon the following parties through hand delivery

to:

Amy R. Jonker
McGuireWoods LLP
77 West. Wacker Drive, suite 4100
Chicago, IL 60601
*Attorney for Defendant*

*/s/ Richard J. Meier*

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| KATRINA DOUGLAS, | Case No.: 1:07-cv-6773 |
| Plaintiff, | Judge: Bucklo<br>Magistrate Judge: Valdez |
| v. | |
| CERTEGY PAYMENT RECOVERY SERVICES, INC., | **PLANITIFF'S FIRST SET OF REQUESTS FOR ADMISSIONS** |
| Defendant. | |

Pursuant to Rule 36 of The Federal Rules of Civil Procedure, Plaintiff requests Defendant to admit or deny the truth of the following Requests for Admissions. If an answer is anything other than an unqualified admission, Defendant is instructed to state the particular reasons for such answer.

**REQUESTS**

1- Plaintiff is a "consumer" as defined at 15 U.S.C. § 1692a(3).

2- The obligation allegedly due is a "debt" as defined at 15 U.S.C. § 1692a(5).

3- Defendant is engaged in the business of collecting consumer debts and regularly attempts and collects consumer debts allegedly owed to another and is a "debt collector" as defined at 15 U.S.C. § 1692a(6).

4- Defendant owned the debt that Defendant was collecting, or attempting to collect, from Plaintiff.

5- Defendant was retained to by the owner of the debt to collect, or attempt to collect, the debt from Plaintiff.

6- Defendant maintains records of all communications, or attempted communications, made in the collection, or attempted collection, of an account.

7- The records referenced in Request No. 6 accurately reflect each communication made in the collection, or attempted collection, of an account.

8- Defendant, by and through its agents, employees, and/or representatives, makes communication(s), or attempted to communication(s), in the collection of an account that is/are note reflected in Defendant's records of that account.

9- Defendant maintained record(s) of each communication, or attempted communication, made in the collection, or attempted collection of Plaintiff's account.

10- The record(s) referenced in Request No. 9 accurately reflect each communication made in the collection, or attempted collection, of Plaintiff's account.

11- Defendant, by and through its agents, employees, and/or representatives, made communication(s), or attempted to communication(s), in the collection of Plaintiff's account that is/are not reflected in any of Defendant's records relating to Plaintiff's account.

12- In or around August 2007, Defendant, by and through its agents, employees, and/or representatives, communicated with Plaintiff.

13- During the communication referenced in Request No. 12, Defendant, by and through its agents, employees, and/or representatives, told Plaintiff that Defendant would start criminal proceedings against Plaintiff.

14- During the communication referenced in Request No. 12, Defendant, by and through its agents, employees, and/or representatives, told Plaintiff that the State of Indiana would start criminal proceedings against Plaintiff.

15- During the communication referenced in Request No. 12, Defendant, by and through its agents, employees, and/or representatives, told Plaintiff that the Indiana Gaming Commission would start criminal proceedings against Plaintiff.

16- During the communication referenced in Request No. 12, Defendant, by and through its agent, employees, and/or representatives, told Plaintiff to borrow money from a third party to pay the debt.

17- During the communication referenced in Request No. 12, Defendant, by and through its agent, employees, and/or representatives, told Plaintiff to that she needed to pay the debt to avoid criminal prosecution.

18- Defendant is not capable of filing criminal charges against Plaintiff.

19- Defendant does not maintain procedures reasonably adapted to prevent threats of criminal proceedings by its agents, employees, and/or representatives.

20- Defendant does not provide adequate training to its employees to ensure compliance with the Fair Debt Collection Practices Act ("FDCPA").

21- The person(s) who telephoned Plaintiff was/were employee(s), agent(s), and/or representative(s) of Defendant.

22- The person(s) who telephoned Plaintiff was/were acting within the scope of their employment, agency, and/or commission when communicating with Plaintiff.

23- Defendant adequately supervises, control, and/or monitors the conduct of its employees to ensure compliance with the FDCPA.

24- Defendant does not maintain procedures reasonably adapted to avoid the use of abusive language during communications with consumers.

25- Defendant is not licensed to practice law in any state.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By: _____

Richard J. Meier
20 West Kinzie; Suite 1300
Chicago, IL 60610
Telephone: 1.866.339.1156
rjm@legalhelpers.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2008 a copy of the foregoing Plaintiff's First set of

Requests for Admissions was served upon the following parties through hand delivery to:

Amy R. Jonker
McGuireWoods LLP
77 West. Wacker Drive, suite 4100
Chicago, IL 60601
*Attorney for Defendant*

/s/ *Richard J. Meier*